ON PETITION BOR REHEARING.
Per Curiam.
This petition for rehearing deals principally with a proposition to which no particular attention was given in the original opinion. It-was disregarded because it was deemed of slight importance, and little reliance seemed to have been placed on it in the argument. It is totalty unnecessary for us to give it the attention requisite to a full expression of our views on the subject, and we shall only briefly state them. There is no need for a controversy between the court and counsel respecting the impossibility to bring certain classes of actions in particular cases which are used as illustrative of the argument. It is quite true, as a general proposition, the plaintiff is bound to state in his complaint the cause of action which he attempts to prove, and his *209 proof must correspond with his allegations. While this is conceded to be the law, we cannot admit the result which the argument suggests. A variance at the common law was undoubtedly fatal, and advantage might be taken of it by way of demurrer or by motion in arrest of judgment, and it made very little difference whether the variance was complete or simply extended to some material matter involved in the action. Under our code, by virtue of section 78, this rule is entirely abrogated. The court is bound to disregard any error and defect in the proceedings which does not affect the substantial rights of the parties, and, wherever there may be a variance between the allegations aud the proof, a specific remedy is provided. The court is bound to permit amendments of the allegations, to make them correspond with the proof, subject, of course, to the provision which will protect the rights of the complaining party. It is equally true, when the case comes to this court by appeal, we are bound to disregard any defect in the pleadings if in our judgment the substantial rights of the parties remain unaffected. The fundamental difficulty, of course, rests in the difference between the court and counsel respecting the nature of the action which the plaintiff brought.
The astute counsel has always insisted the action was equitable as contradistinguished from a legal one. We were impelled to differ with him, and we still adhere to our conclusion as expressed. When this stumbling block is removed, it deprives the appellants’ case of any substantial merit. During the progress of the trial the defendant interposed no objections to the introduction of the testimony, but, on the conclusion of the plaintiff’s proof, moved to strike it out because it was variant from the case as laid. When the legal character of the action is once conceded, that motion was manifestly not sufficient to preserve the question in the record, if it is a question on which he has a right to insist. Doubtless, if the defendant had been surprised by the testimony, and a totally different case had been made from that which he was called upon to answer, he would have been en *210 titled to a continuance. He might likewise, perhaps, in the present instance, have compelled an amendment of the complaint so as to have presented a legally accurate statement of the plaintiff’s action. Taking no steps in either one of these directions, we do not regard the question of variance as so saved in the record as to call for a specific judgment respecting it. While we concede the complaint is not so drafted as to present with technical accuracy the cause of action which was, according to the verdict of the jury, sustained by the proof, it did contain all the allegations requisite to the plaintiff’s recovery. The action may not have been by the court designated with extreme accuracy when it was called an action for deceit. It is useless to quarrel about terms, for what the court intended to express was the idea that the transaction between the parties having occasioned damage to the plaintiff and being done in wrong of her rights, entitled her to maintain suit for whatever damages she might be able to demonstrate by her testimony. She undoubtedly had either one of two remedies. She might have brought an action to compel the defendants to convey the Topeka property, or she might have brought an action for the damages occasioned by their wrongdoing, and their measure would be of necessity the value of this property as it might be established. The case was tried on the latter hypothesis, the verdict establishes the acts of the appellants to have been wrongful, and the jury have fixed the value of the property by their verdict. While we are very frank to say our conclusion on the testimony as presented by the record might not harmonize with the conclusions at which the jury arrived, we regard ourselves as concluded by their verdict and without the right to disturb the judgment because it is against the evidence. Since we accept the result and the facts as they are thus exhibited in concrete form, we are unable to see that any error has been committed which substantially affects the rights of the parties. We therefore conclude the rehearing must be denied and the judgment affirmed according to the original opinion.

Rehearing denied.